# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1: 19-CV-03034-KLM

LUCKYSHOT LLC, a Colorado limited liability company,

Plaintiff,

v.

RUNNIT CNC SHOP, INC., a Colorado corporation, ANDREW BLOOD, an individual, and JAMES COLE, an individual

Defendants.

## RUNNIT CNC SHOP, INC. AND ANDREW BLOOD'S MOTION TO DISMISS

Defendants Runnit CNC Shop, Inc. ("Runnit") and Andrew Blood ("Mr. Blood") file this Motion to Dismiss Plaintiff LuckyShot LLC's ("LuckyShot") Complaint and Jury Demand (the "Complaint"), and state:

### BACKGROUND

This case involves a dispute between LuckyShot and Runnit regarding oil and gas plungers, which are metal objects used as part of fluid lifting systems to remove water and other contaminants from productive oil and gas wells. As alleged in the Complaint, LuckyShot initially hired Runnit to manufacture certain plungers based on designs produced for LuckyShot's use by a third-party. *See* Complaint at ¶13. Later, LuckyShot hired Runnit to create other plunger designs for LuckyShot's use. *See id.* at ¶14. The business relationship between LuckyShot and Runnit first began to sour when LuckyShot accused Runnit of using

plunger designs LuckyShot claimed to own to acquire customers for itself, which Runnit denies. *See id.* at ¶17. That dispute ultimately resulted in LuckyShot filing a complaint against Runnit in Mesa County District Court in Case No. 18CV30482 (the "State Court Case"). *See* Exhibit A, 18CV30482 Amended Complaint and Jury Demand (the "State Court Complaint"). In the State Court Case, LuckyShot asserts a variety of claims against Runnit, including claims for misappropriation of trade secrets, intentional interference with prospective contractual relationships, civil conspiracy, and injunctive relief. *See id.* The State Court Case is currently pending, and is set for a seven-day jury trial beginning on July 6, 2020.

In this case, LuckyShot asserts the same, as well as more specific misappropriation-based claims against Runnit, Mr. Blood, and James Cole ("Mr. Cole") related to the alleged alteration and disclosure of plunger designs to Well Master Corporation ("Well Master").[1] The facts surrounding LuckyShot's claims regarding Well Master are also already at issue in U.S. District Court Case No. 19-cv-01617-CMA-STV, in which Well Master is suing LuckyShot for patent infringement (the "Well Master Case"). *See* Exhibit B, Well Master's Complaint and Jury Demand. Notably, LuckyShot already brought claims similar to those it raises in this case in the Well Master Case. *See* Exhibit C, LuckyShot's Third-Party Complaint and Jury Demand. However, Runnit and Mr. Blood argued that LuckyShot's

---

[1] While the Complaint alleges that both altered and unaltered plunger designs were sent to Well Master, it appears that the misappropriation claim specifically relates to the purportedly altered designs. *See* Complaint ¶ 46 ("…it was the willful and wanton intention of Runnit, Mr. Blood, and Mr. Cole, in altering and misrepresenting LukcyShot's plunger designs, which they were under an agreement to keep confidential, to drive away LuckyShot's customers and put LuckyShot out of business.").

claims against them in the Well Master Case were insufficient as framed, and LuckyShot voluntarily withdrew its Third-Party Complaint prior to bringing this Lawsuit. *See* Exhibit D, LuckyShot's Notice of Dismissal Without Prejudice of Third Party Claims Pursuant to Fed. R. Civ. P. 41(c).

In the present case, LuckyShot brings a federal misappropriation of trade secrets claim and related tortious interference and conspiracy claims against each defendant, and requests injunctive and monetary relief. For the reasons discussed in this Motion, those claims against Runnit and Mr. Blood should be dismissed because LuckyShot has failed to state a claim upon which relief can be granted and because compelling reasons exist for this Court to decline supplemental jurisdiction over LuckyShot's state law claims.

## ARGUMENT

**A. The Court should dismiss the Complaint against Runnit in its entirety.**

**1. The Complaint fails to state a claim for misappropriation of trade secrets against Runnit.**

**a. Legal standards.**

When determining motions to dismiss under Fed. R. Civ. P. 12(b)(6), courts evaluate the sufficiency of the plaintiff's complaint and accept as true all of the well-pled factual allegations. *See Kenny v. Helix TCS, Inc.*, 939 F.3d 1106, 1109 (10th Cir. 2019); *Morse v. Regents of University of Colorado*, 154 F.3d 1124, 1126-27 (10th Cir. 1998). Courts then determine if the complaint provides enough factual allegations to state a claim that is plausible on its face. *Kenny*, 939 F.3d at 1109 (citing *Hogan v. Winder*, 962 F.3d 1096, 1104 (10th Cir. 2014). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Id*. (quoiting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). However, legal conclusions and factual allegations which are bare assertions or merely conclusory are not entitled to an assumption of truth as part of this analysis. *Iqbal*, 556 U.S. at 678.

With respect to federal misappropriation of trade secret claims under 18 U.S.C. §1836, plaintiffs must allege the existence of a trade secret, misappropriation of that trade secret, and that that trade secret implicates interstate or foreign commerce. *See Bellwether Community Credit Union v. Chipotle Mexican Grill, Inc.*, 353 F.Supp.3d 1070, 1086 (D.Colo. 2018).

> Under 18 U.S.C. §1839, a trade secret is defined to include:
>
> plans… [and] designs… if – (A) the owner thereof has taken reasonable measures to keep such information secret; and (B) the information derives independent economic value, actual or potential, from not being generally known to, *and not being readily ascertainable through proper means by*, another person who can obtain economic value from the disclosure or use of the information.

18 U.S.C. §1839(3)(emphasis added). Importantly, reverse engineering is considered proper under the Act. *See id.* at §1839(6). Finally, as pertinent here, "misappropriation" of any such trade secret means:

> disclosure or use of a trade secret of another without express or implied consent by a person who … (ii) at the time of disclosure or use knew or had reason to know that the knowledge of the trade secret was …(II) acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret…

*Id*. at §1839(5).

### b. The allegations in the Complaint do not plausibly support a finding that the plunger designs are trade secrets.

LuckyShot's claim for misappropriation of trade secrets under 18 U.S.C. §1836 should be dismissed because, even if each of LuckyShot's factual allegations were true, LuckyShot fails to make allegations qualifying the plunger designs as trade secrets as that term is defined by 18 U.S.C. §1839(3). More particularly, §1839(3)(B) requires that the secret information "derives independent economic value…from not being generally known to, and not being readily ascertainable through proper means" by others. LuckyShot makes no allegations that the plunger designs contain secret information that is not readily ascertainable. *See* Complaint, generally.

At most, LuckyShot alleges that some of the plunger designs were based off of specifications LuckyShot provided. *See* Complaint ¶9. However, LuckyShot does not allege that the "specifications" (*i.e.*, design dimensions) are not generally know or readily ascertainable. Indeed, even if LuckyShot amended its Complaint to add such an allegation, it would be facially implausible since it is common knowledge that an object's physical dimensions and other physical characteristics can be easily observed, measured, and recreated. This type of reverse engineering is even contemplated by the Act, and is not considered wrongful. *See* 18 U.S.C. 1839(6). In short, the plunger designs at issue are simply not secret.

Therefore, even if LuckyShot took reasonable measures to protect the plunger designs as alleged, that is irrelevant since those designs did not constitute valuable secrets in the first

place. As such, LuckyShot has failed to state a claim for federal misappropriation of trade secrets against Runnit, and that claim should be dismissed. Fed. R. Civ. P. 12(b)(6).

> 2. **The Complaint fails to state a claim for conspiracy against Runnit.**

Additionally, LuckyShot appears to allege that the Defendants conspired to misappropriate LuckyShot's trade secrets in violation of 18 U.S.C. §1836. *See* Complaint ¶57. To the extent that is the case, the claim should be dismissed because there is no private right of action for conspiracy to misappropriate a trade secret under 18 U.S.C. §1836. *See Steves and Sons, Inc. v. JELD-WEN, Inc.*, 271 F.Supp.3d 835, 842 (E.D.Va. 2017); Fed. R. Civ. P. 12(b)(6). While conspiracy to misappropriate a trade secret is a federal crime under 18 U.S.C. §1832(a)(5), "[n]owhere in Section 1832(a) does the statutory text mention a private right of action to redress violations of its prohibitory terms," and "Congress restricted private rights of action to the seizure order process specified in…section 1836(b)(2)." *Id.* at 842-43. Accordingly, a private party cannot bring a federal claim for conspiracy to misappropriate trade secrets, and LuckyShot's conspiracy claim must be dismissed.

> 3. **The Court should decline to exercise supplemental jurisdiction over LuckyShot's state law claims against Runnit.**
>
> a. **Legal standards.**

Motions to dismiss under Fed. R. Civ. P. 12(b)(1) "only require[] the court to determine whether it has authority to adjudicate the mater." *Kenny*, 939 F.3d at 1108. Here, while the Court may have authority to adjudicate LuckyShot's state law claims, it should decline to do so.

Pursuant to 28 U.S.C. §1367, this court may exercise supplemental jurisdiction over claims involving the same case and controversy as a federal question, but may decline to exercise supplemental jurisdiction when, among other things, it has "dismissed all claims over which it has original jurisdiction," and when "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. §1367(a), (c)(3),(4); *see also Nielander v. board of County Com'rs of County of Republic, Kan.*, 582 F.3d 1155, 1172 (10th Cir. 2009).

Courts have consistently recognized that supplemental jurisdiction is not a right, but rather a matter of judicial discretion. *See*, *e.g.*, *Sudduth v. Citimortgage, Inc.*, 79 F.Supp.3d 1193, 1200 (D.Colo. 2015). Similarly, courts have discretion to control their dockets by dismissing duplicative cases in the interests of preserving judicial resources and supporting the efficient and comprehensive resolution of cases. *See Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2017). "Even when a 'common nucleus of operative facts' exists, federal jurisdiction is not mandatory over pendent claims or parties." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004). In determining whether to exercise supplemental jurisdiction when there are pendent state-law claims, courts should consider factors such as judicial economy, convenience, fairness, and comity. *See Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Greenway Nutrients, Inc. v. Blackburn*, 33 F.Supp.3d 1224, 1263 (D.Colo. 2014).

### b. The Court should decline to exercise supplemental jurisdiction since LuckyShot failed to state a claim against Runnit under 18 U.S.C. §1836.

As discussed above, LuckyShot failed to state a misappropriation of trade secrets claim against Runnit under 18 U.S.C. §1836 that is plausible on its face, and the Court should dismiss that claim. Because that claim involves the only federal question in the Complaint, it is the only claimed source of original federal jurisdiction. *See* Complaint ¶5; 28 U.S.C. §1331. If the Court dismisses that claim against Runnit, it should also dismiss the remaining state law claim for tortious interference (and, to the extent it can be considered a state-law claim, LuckyShot's civil conspiracy claim as well) pursuant to 28 U.S.C. §1367(c)(3)(providing that a federal district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it had original jurisdiction); *see also Sudduth*, 79 F.Supp.3d at 1200.

### c. The Court should decline to exercise supplemental jurisdiction because it would be more efficient to litigate the state law claims in the pending State Court Case.

Furthermore, both the State Court Case and the current case involve the same factual background, and stem from the failed business relationship between LuckyShot and Runnit. In both cases, LuckyShot alleges that it gave Runnit certain plunger designs and asked Runnit to create other plunger designs for its use. *See* Complaint ¶¶13-14; Ex. A ¶¶17-18. In both cases, LuckyShot further alleges that Runnit used those plunger designs without LuckyShot's permission in an effort to harm LuckyShot's business. *See* Complaint ¶¶56-60; Ex. A ¶¶41-47. While the two cases differ slightly in that the State Court Complaint generally alleges that Runnit used the plunger designs to garner business from LuckyShot's

potential customers, whereas the present Complaint alleges that Runnit used the plunger designs to prevent a specific contract from forming, many of the same factual questions will be at issue in both cases. *See id.* For example, both cases will necessarily involve an evaluation of whether the plunger designs were trade secrets, whether LuckyShot owned them, whether the defendants wrongfully used or disclosed them to various third parties, and whether the defendants interfered with LuckyShot's prospective contractual relations. It is neither efficient, fair, nor convenient to try these same issues multiple times in different courts, and Runnit should not be required to do so. *See Greenway*, 33 F.Supp.3d at 1263.

**B.     The Court should dismiss the Complaint against Mr. Blood in its entirety.**

**1. The Complaint fails to state a claim for misappropriation of trade secrets against Mr. Blood.**

As with LuckyShot's misappropriation of trade secrets claim against Runnit, its misappropriation claim against Mr. Blood is likewise fatally flawed in that the Complaint does not, and cannot, make the requisite allegations to plausibly qualify the plunger designs as trade secrets. For that reason alone, the misappropriation claim against Mr. Blood should similarly be dismissed. Fed. R. Civ. P. 12(b)(6).

Moreover, LuckyShot's misappropriation of trade secret claim against Mr. Blood should be dismissed because, even assuming that the plunger designs identified in the Complaint are trade secrets in interstate commerce and that those trade secrets were owned by LuckyShot (facts which Runnit does not necessarily concede), the Complaint is devoid of

factual allegations implicating Mr. Blood in their misappropriation in any more than a conclusory manner.

The Complaint, and the Affidavit of Kenton Teske attached thereto (the "Affidavit"), go into great detail about how Mr. Cole directed Mr. Teske to make specific changes to the plunger designs. *See* Complaint at ¶¶20-24; *See* Affidavit at ¶¶2, 4-8. Those changes were allegedly made by Mr. Teske and other Runnit employees, but not by Mr. Blood. *See* Complaint at ¶¶20-28. Additionally, the Complaint and Affidavit purport that the plunger designs were mailed to Well Master with a return address belonging to Mr. Cole. *See id.* at ¶44.

Tellingly, however, the extent of Mr. Blood's alleged involvement with this purported misappropriation was "pushing" Runnit to make and sell plungers and hiring an employee to perform plunger design work. *See id.* at ¶¶19, 28. These bare assertions stand in stark contrast to the detailed allegations regarding Mr. Cole's conduct, and do not describe in any detail how Mr. Blood himself used, disclosed, or had any involvement with LuckyShot's plunger designs whatsoever. Accordingly, the bare assertions about Mr. Blood are not entitled to a presumption of truth. *See Iqbal*, 556 U.S. at 678.

Even if they were entitled to a presumption of truth, however, they still would not support a misappropriation claim that is plausible on its face, since Mr. Blood is not alleged to have actually used or disclosed the plunger designs. Rather, Runnit, through its employee Mr. Teske, is alleged to have altered certain designs, and Mr. Cole is alleged to have sent

those and other designs to Well Master. *See id.* at ¶¶20-24, 44. Again, these allegations do not directly implicate Mr. Blood. Therefore, the Complaint does not state a misappropriation claim against Mr. Blood that is plausible on its face, and that claim should be dismissed. Fed. R. Civ. P. 12(b)(6).

### 2. The Complaint fails to state a claim for conspiracy against Mr. Blood.

As discussed above, there is no cognizable claim under federal law for conspiracy to misappropriate trade secrets. *Steves*, 271 F.Supp.3d at 842. Therefore, for the same reasons that apply to LuckyShot's conspiracy claim against Runnit, that claim against Mr. Blood must also be dismissed. Fed. R. Civ. P. 12(b)(6).

### 3. The Court should decline to exercise supplemental jurisdiction over LuckyShot's state law claims against Mr. Blood.

Because LuckyShot's misappropriation of trade secrets claim, which is the only claim providing original federal jurisdiction over Mr. Blood, is not plausible on its face, the Court should decline to exercise supplemental jurisdiction over LuckyShot's remaining state law claims against him as well. 28 U.S.C. §1367(c)(3).

WHEREFORE, Runnit and Mr. Blood request that the Court dismiss LuckyShot's Complaint against them, in its entirety and with prejudice, each party to bear its own costs and attorneys' fees.

DATED this 27th day of November, 2019.

        HOSKIN FARINA & KAMPF
        Professional Corporation

By  *s/ Karoline M. Henning*
        Andrew H. Teske, Reg. #36974
        David M. Scanga, Reg. #13546
        Karoline M. Henning, Reg. #49061
        Hoskin Farina & Kampf, P.C.
        200 Grand Ave., Suite 400
        P.O. Box 40
        Grand Junction, Colorado 81502
        Telephone: (970) 986-3400
        FAX: (970) 986-3401
        Email: *ateske@hfak.com*;
              *dscanga@hfak.com*;
              *khenning@hfak.com*
        **Attorneys for Runnit CNC Shop, Inc.
        and Andrew Blood**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27th day of November, 2019, service of the foregoing **RUNNIT CNC SHOP, INC. AND ANDREW BLOOD'S MOTION TO DISMISS** was made and addressed as follows:

| | | |
|---|---|---|
| Benjamin M. Wegener | _____ | Via Federal Express |
| Lorne G. Hiller | _____ | Via U.S. Mail |
| Wegener, Scarborough, Younge & | _____ | Via Hand Delivery |
| Hockensmith, LLP | _____ | Via Facsimile |
| 743 Horizon Court, Suite 200 | __x__ | Via E-filing |
| Grand Junction, Colorado 81506 | | |
| | | |
| James Cole | _____ | Via Federal Express |
| P.O. Box 191 | __x__ | Via U.S. Mail |
| Palisade, Colorado 81526 | _____ | Via Hand Delivery |
| | _____ | Via Facsimile |
| | _____ | Via E-filing |

*s/ Penny Landeis*

Penny Landeis